IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 7:26-428 |
| | ) | |
| v. | ) | |
| | ) | |
| ELISA MARIE ROSARIO, | ) | **OPINION AND ORDER** |
| | ) | |
| JEREMY TODD LARK, | ) | |
| a/k/a Jeremy Abdul Wakil Jones, | ) | |
| | ) | |
| KEZAYVIAN LEE CAMPBELL, | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

**DESIGNATION OF CASE AS COMPLEX**
**LITIGATION PURSUANT TO 18 U.S.C. § 3161(h)(7)(B)(ii)**

Before the Court is a consent motion by the parties to this action requesting that this case be designated as "complex" under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii), and that the trial of this case be continued to the November 2026 term of court. [Doc. 75.] For the reasons stated herein, the Court finds that the ends of justice are served by the granting of this motion.

Title 18, United States Code § 3161(h)(7)(B)(ii) enables the Court to schedule the trial of this case beyond the 70-day time limit of the Speedy Trial Act when ". . . the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." The Court finds that this case is of such nature as described in Section 3161(h)(7)(B)(ii) that adequate preparation for trial by both sides

cannot reasonably occur within the normal 70-day time limit mandated by the Speedy Trial Act.

This case involves a conspiracy among three defendants, all of whom are potentially death-eligible under the Federal Death Penalty Act ("FDPA"), for conspiracy to commit  robbery affecting commerce and robbery affecting commerce, in violation of 18 U.S.C. §1951(a)(Counts 1 and 2); conspiracy to commit kidnapping resulting in death and kidnapping resulting in death, in violation of 18 U.S.C. §§ 1201(a), (c) (Counts 3 and 4); use of a firearm to cause death and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(j)(1) and 2 (Count 5); obstruction of justice and aiding and abetting the same, in violation of 18 U.S.C. §§ 1519 and 2 (Count 6); and interstate transportation of a stolen vehicle and aiding and abetting the same, in violation of 18 U.S.C. §§ 2312 and 2 (Count 7). [Doc 2.] Further, the indictment charges Defendants Lark and Campbell with destruction of property to prevent search and seizure and aiding and abetting the same, in violation of 18 U.S.C. §§ 2232 and 2 (Count 8); and use of fire in the commission of a felony and aiding and abetting the same, in violation of 18 U.S.C. §§ 844(h) and 2 (Count 9).  [*Id*.]  Lastly, Count 10 charges Defendant Rosario with providing false statements to federal law enforcement, in violation of 18 U.S.C. § 1001(a)(2).  [*Id*.]  These conspiracies span two states, North Carolina and South Carolina. [*Id*.]

Due to the nature of the offenses, the case will require work unique to defendants faced with possible capital sentences, including collaboration and consultation with learned counsel, mitigation investigations, and presentation before the Capital Case Section of the Department of Justice.  [Doc. 75 at 3.]  Additionally, discovery in the case is voluminous. The Government represents that there are 5,185 documents which consist

of approximately 13,103 pages of financial records, investigative records and reports, forensic analyses and reports, witness interviews, forensic extractions of multiple cellular telephones, cellular phone usage, and location records. [*Id*.] Additionally, 268 gigabytes of electronic data, including surveillance video covering two states and multiple local jurisdictions from various sources, will be included in the initial production of discovery. [*Id*.] Given the nature of the case and the volume of discovery, the parties agree that the provision and review of discovery will be sufficiently time-consuming to render it "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself" within the time limits established by the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii).

Considering the above representations made by the parties, the Court finds that the ends of justice are served by designating the case as complex. Accordingly, the consent motion is GRANTED. [Doc. 75.] The Court certifies this case as "complex" under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii). The Court specifically finds, based on the reasons set forth above, "that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial," as set forth in 18 U.S.C. § 3161(h)(7)(A). Thus, the speedy trial clock is tolled until November 9, 2026.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

June 15, 2026
Greenville, South Carolina

3